UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-27

SHAWN M. BELL     PLAINTIFF

v.

NEWPAGE CORPORATION, ET AL.     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion for an Evidentiary Hearing (Docket #6), Application for Arbitration (Docket #10), and Motion for Stay of Proceedings and Request for Remand (Docket #11). Defendant has responded (Docket #12, 13, 14). Plaintiff has not replied. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motions are DENIED.

Plaintiff filed this case in Ballard County Circuit Court in October of 2009. Defendant removed the case to this Court on February 3, 2010, on the basis of diversity jurisdiction. This case is still in its initial stages. The parties have not made Rule 26 initial disclosures or engaged in any discovery. Plaintiff now seeks an evidentiary hearing, arbitration, and a stay or remand. The Court addresses each of these motions in turn.

First, Plaintiff requests an evidentiary hearing to "determine the actual identity of the named third party used as a defense by the Defendant[,] to determine the validity of the Defendants petition for removal, and to allow the Plaintiff opportunity of joinder of unamed [sic] Defendants currently captioned et. al." Plaintiff alleges that since he joined unknown defendants in his complaint as "et. al.," those defendants must consent to removal.

"[I]t is well established that removal generally requires unanimity among the defendants." *Callahan v. Callahan*, 247 F. Supp. 2d 935, 939 (S.D. Ohio 2002). "The rule of

unanimity requires that in order for a notice of removal to be properly before the court, all defendants *who have been served or otherwise properly joined in the action* must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999) (emphasis added). The unidentified third party defendant has not been properly served, and "et. al." is not sufficient to join an unidentified third party in the action. Therefore, Plaintiff's argument on this point fails.

Further, the Court finds that a request for an evidentiary hearing is premature. The parties have not made initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Rule 26 requires that a party provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(I). If Defendant intends to assert an affirmative defense based on the actions of a third party, the identity of the third party would be contained within Defendant's initial disclosures. The time period for initial disclosures has not yet expired. Therefore, Plaintiff's motion for an evidentiary hearing is denied.

Plaintiff's next motion is an application for arbitration, in which Plaintiff states that this case "is referable to arbitration under the Federal Arbitration Act." Plaintiff provides no basis for his motion beyond this conclusory statement. Defendant denies that any agreement exists between the parties that would mandate arbitration. Because the Court finds that Plaintiff has failed to present any evidence demonstrating why this case must be arbitrated, Plaintiff's motion must be denied.

Plaintiff's final motion requests a stay of these proceedings or remand to a lower court.

Plaintiff's arguments appear to be the same as those already addressed by the Court. Plaintiff alleges that Defendant has failed to comply with Rule 26. Plaintiff also alleges that this matter is subject to arbitration. It appears from this motion that Plaintiff bases this argument on the fact that an agreement containing an arbitration clause likely exists between Defendant and its insurance provider. This argument, however, fails to establish that such an agreement existed between Plaintiff and Defendant. Again, there is no evidence supporting Plaintiff's contention that arbitration is mandated.

Plaintiff argues repeatedly that this Court lacks subject matter jurisdiction. The Court disagrees. Defendant has met its burden for removal based on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are citizens of different States, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is the citizen of any State in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In this case, Plaintiff is a resident of Indiana. The lawsuit arises out of an incident that occurred in Kentucky. Defendant is a Delaware corporation with its principal place of business in Ohio. Plaintiff seeks damages of $87, 477.40. All of the requirements for diversity jurisdiction are met. The Court finding no reason to remand or stay this case, Plaintiff's motion must be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Evidentiary Hearing, Application for Arbitration, and Motion for Stay of Proceedings and Request for Remand are DENIED.