SHAWN M. BELL                    PLAINTIFF

v.

NEWPAGE CORPORATION, ET AL.           DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion for Summary Judgment (Docket #15) and Motion to Stay Certain Obligations, Deadlines, and Discovery (Docket #16). Plaintiff has not responded. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART, and the Motion to Stay Certain Obligations, Deadlines, and Discovery is DENIED as moot.

## BACKGROUND

On December 23, 2008, Shawn Bell stole a truck from NewPage Corporation's Wickliffe, Kentucky, facility. The theft occurred while NewPage employees were fighting a fire in the knife grinder room around 3:50 in the morning. Bell left his own vehicle near the front gate, entered the NewPage premises, and drove away in a 2000 Ford F-150 pickup truck belonging to NewPage. The truck had been parked near the front gate when NewPage employee Gary Long exited the vehicle to help in the fire fighting efforts. Plaintiff left the NewPage premises by driving the truck through the main gate. A back-up security guard, Mark Kopecky, allowed Bell to leave, mistakenly believing him to be a NewPage employee.

Approximately four hours after Bell drove away, the truck was reported stolen to the Ballard County Sheriff's Office. Police found the truck in Bell's possession the following day in Nashville, Tennessee. Bell pled guilty in state court to theft by unlawful taking of property over

$300, and was sentenced to three years imprisonment and ordered to pay restitution of $635.42 to NewPage. On November 25, 2009, he was placed on probation for five years. NewPage asserts that it never received Bell's court-ordered restitution.

Bell filed suit in Ballard Circuit Court in October of 2009 alleging negligence on the part of NewPage and its employees in securing its facility by failing to follow and adhere to federal regulations and by authorizing Bell to leave the facilities. NewPage removed the case to this Court on February 3, 2010, on the basis of diversity jurisdiction. NewPage has now moved for summary judgment, and Bell has not responded.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for

summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

### I. Plaintiff's Negligence Claim

In order to establish a claim for negligence, Plaintiff must show "a duty on the defendant, a breach of the duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 437 (Ky. Ct. App. 2001). Failure to establish any of these elements is fatal to Plaintiff's claim. *M & T Chems., Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974). Defendant asserts that it owed no duty to Plaintiff, and that Plaintiff cannot prove causation.

"In Kentucky, the existence of a duty is a matter of law . . . ." *Ostendorf v. Clark Equip. Co.*, 122 S.W.3d 530, 533 (Ky. 2003) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 248 (Ky. 1992)). Kentucky courts have established a "universal duty of care." *James v. Meow Media, Inc.*, 300 F.3d 683, 690 (6th Cir. 2002) (citations omitted). "Under the universal duty of care, 'every person owes a duty to every other person to exercise ordinary care

3

in his activities to prevent foreseeable injury.'" *Id.* (quoting *Grayson Fraternal Order of Eagles v. Claywell*, 736 S.W.2d 328, 332 (Ky. 1987)). The Sixth Circuit continued its summarization of Kentucky's duty of care as follows:

> Thus, Kentucky courts have held that the determination of whether a duty of care exists is whether the harm to the plaintiff resulting from the defendant's negligence was 'foreseeable.' Foreseeability is an often invoked, but not terribly well defined, concept in the common law of tort.
>
> . . .
>
> Kentucky courts, in resolving foreseeability questions, have consistently inquired into the relative likelihood of the injuries produced.

*Id.* (internal citations omitted). The question in this case is whether it was foreseeable that Plaintiff would commit a criminal act of theft, thus leading to his capture and imprisonment.

"[E]xcept under extraordinary circumstances, individuals are generally entitled to assume that third parties will not commit intentional criminal acts." *Id.* (citing Restatement (Second) of Torts § 302b, cmt. d). Most cases dealing with a duty of care and criminal acts focus on injuries to the victims of the criminal act, rather than injury to the criminal himself, as is the case here. *See id.* (citing *Henry v. Merck and Co., Inc.*, 877 F.2d 1489 (10th Cir. 1989); *Gaines-Tabb v. ICI Explosives USA, Inc.*, 995 F. Supp. 1304 (D. Okla. 1996)). The Court believes, however, that the same standard should apply to this case. Plaintiff has not presented evidence of any extraordinary circumstances that would prevent Defendant from assuming Plaintiff would not commit a crime. Accordingly, the Court finds, as a matter of law, that Plaintiff's actions were unforeseeable, and Defendant owed no duty of care to Plaintiff.

Even if a duty of care exists, the Court agrees with Defendant that Plaintiff is unable to establish causation. Plaintiff's criminal acts constituted a superseding cause of his injuries. "'As

4

a general rule, a wilful, malicious, or criminal act breaks the chain of causation.'" *Frank v. Ralston*, 145 F. Supp. 294, 295 (W.D. Ky. 1956) (quoting *Anderson v. Theisen*, 43 N.W.2d 272, 273 (Minn. 1950)); *accord Murphy ex rel. Reliford v. EPI Corp.*, 2004 WL 405754, *4 (Ky Ct. App. 2004) ("[A] criminal act by a third party generally is a superseding cause . . . ."). Plaintiff has not offered any evidence to overcome this general rule. Therefore, summary judgment is appropriate.

## II.     Defendant's Counterclaim

Defendant also asks the Court to grant summary judgment as to its counterclaim. Defendant's counterclaim seeks enforcement of the Ballard Circuit Court's order that Plaintiff pay Defendant $635.42 in restitution. Defendant declares that it has not received any restitution payments, and asks the Court to enter a judgment against Plaintiff for $635.42, pre- and post-judgment interest, and costs. Plaintiff states in his answer that this issue is moot because this Court cannot enforce a final order handed down by the state court. Plaintiff has not presented any genuine issue of material fact that he has made any restitution payments.

The restitution order was entered by the Ballard Circuit Court. The issue before this Court is whether it can enforce a state court criminal order of restitution. According to Kentucky's Penal Code:

> When a judge orders restitution, the judge shall:
>
>> (1) Order the restitution to be paid to a specific person or organization through the circuit clerk, who shall disburse the moneys as ordered by the court;
>> (2) Be responsible for overseeing the collection of restitution;
>> (3) Set the amount of restitution to be paid;
>> (4) Set the amount and frequency of each restitution payment or require the payment to be made in a lump sum;
>> (5) Monitor the payment of the restitution to assure that payment is being

> made;
> (6) If restitution is not being paid as ordered, hold a hearing to determine why the restitution is not being paid;
> (7) If the restitution is not being paid and no good reason exists therefor, institute sanctions against the defendant; and
> (8) Not release the defendant from probation supervision until restitution has been paid in full and all other aspects of the probation order have been successfully completed.

Ky. Rev. Stat. Ann. § 532.033. The sentencing court may also "use its contempt sanctions to enforce its orders." Ky. Rev. Stat. Ann. § 532.358. Under section 533.030, a restitution order does not preclude a victim from seeking damages in a civil action. Ky. Rev. Stat. Ann. § 533.030(3)(d). "A civil verdict shall be reduced by the amount paid under the criminal restitution order." *Id.*

The Court notes that Defendant is not seeking civil damages as allowed by section 533.030(3)(d). Rather, Defendant asks the Court to enforce the Ballard Circuit Court restitution order. Because Plaintiff is still under state supervision and Defendant seeks enforcement of a criminal order, this issue is not properly before the Court in this civil action. The state sentencing court is in charge of overseeing Plaintiff's restitution payments, and also has the ability to enforce its order through contempt sanctions. Defendant's Counterclaim must be dismissed *sua sponte* for lack of jurisdiction. *See In re Prevot*, 59 F.3d 556, 565 (6th Cir. 1995) ("The district court has the inherent power to dismiss *sua sponte* for want of jurisdiction.").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART, and the Motion to Stay Certain Obligations, Deadlines and Discovery is DENIED as moot. Defendant's Counterclaim is dismissed.

An appropriate order shall issue.